## Ex Parte Caraballo.

### Appeal from the District Court of Mayaguez.

No. 65.—Decided October 20, 1905.

Construction of Laws.—It is a well-established principle of law that where a law contains a repealing clause repealing all laws or parts of laws in conflict with its provisions, but not expressly repealing a former law upon the same subject, it will be understood that all of the provisions of the said former law not in conflict with the provisions of the last law passed, will remain in force.

Undertaking to Keep the Peace—Justices of the Peace—Magistrates.— Justices of the peace appointed in accordance with the Act to reorganize the judiciary of Porto Rico, approved March 10, 1904, are magistrates and have authority to hear and determine proceedings for an undertaking to keep the peace.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

Appellant did not appear.

Mr. Justice MacLeary delivered the opinion of the court.

On the 14th day of August of the current year Eugenio Caraballo, by his attorney, applied to the Hon. Isidoro Soto Nussa, judge of the District Court of Mayaguez, for a writ of *habeas corpus,* alleging that he was imprisoned in the jail at Mayaguez by virtue of an order of the justice of the peace of Añasco, requiring him to give a peace bond in the sum of $500, which was afterwards reduced to $100, and in default thereof committing him to jail for six months, or until the bond was given. The district judge issued the writ of *habeas*

*corpus,* and on a hearing of the case remanded the prisoner to the custody of the jailer, and from this judgment an appeal is taken to this court.

The respective parties state their positions substantially as follows:

The petitioner claims that justices of the peace have not jurisdiction to bind over a person to keep the peace:

First. Because the office of justice of the peace was abolished by section 3 of the law to reorganize the judiciary of Porto Rico, approved on the 10th of March, 1904. (See Laws of 1904, pages 103 *et seq.*)

Second. That the present justices of the peace, according to section 14 of the law above mentioned, have jurisdiction only in cases where a penalty may not exceed a fine of $5, or imprisonment in jail for thirty days, and also in cases of infractions of municipal ordinances.

Third. That although justices of the peace may act as examining and committing magistrates in the absence of the municipal judges, and may receive and hear complaints presented in accordance with section 64 of the Penal Code, they cannot convict the defendant nor demand the bond provided for in the law regarding security to keep the peace.

The *fiscal* on the other hand maintains that justices of the peace have jurisdiction in proceedings under the statute requiring security to keep the peace:

First. Because justices of the peace exist to-day under section 14 of the law reorganizing the judicial system of Porto Rico, approved March 10th, 1904, although their powers are not quite as broad as they were under the Code of Criminal Procedure, as it existed prior to the passage of said Code.

Second. That said justices of the peace have jurisdiction in certain misdemeanors where the penalty does not exceed certain limits; that they can issue warrants of arrest, on account of such offenses, and in this sense are magistrates in accordance with article 12 of the Code of the Criminal Pro-

cedure. (See secs. 12 and 13 of the Code of Criminal Procedure, Rev. Stats., p. 623.)

Third. That these proceedings requiring security to keep the peace are special proceedings which the law places within the jurisdiction of justices of the peace, and in which a penalty is not imposed, the only requirement being that a bond be given to be enforced under certain conditions, and without a breach of these conditions the bond cannot be forfeited, nor can the defendant be imprisoned; and that at any time after being imprisoned for failure to give the required bond, the prisoner can obtain his liberty by furnishing bond. (See Title VI, Penal Code, Rev. Stats., pp. 484 *et seq.*)

The only question for decision of this court is one of jurisdiction. The applicant, as he then stated, contends that the office of justice of the peace, as that office existed under the Penal Code from the 1st day of July, 1902, to the 1st day of July, 1904, was abolished; and that for that reason the justices of the peace as constituted under the law approved March 10th, 1904, section 14 thereof, taking effect 1st of July, 1904, had no power to require any person to give security to keep the peace. In other words, that the change in the organization and jurisdiction of the courts of Porto Rico by the last-named law had modified the law providing for security to keep the peace in such a way as to eliminate justices of the peace from the list of magistrates who have jurisdiction to intervene in such matters.

The law in Porto Rico in regard to security to keep the peace is contained in Title VI of the Penal Code, comprising sections 64 to 76 thereof. This statute was taken almost entirely, and with very few changes, from sections 701 to 714 of the Penal Code of California. In California the law defining crimes and fixing their punishments, as well as that prescribing the mode of procedure, is included in one act, called the Penal Code. In adopting the penal laws of California for the Island of Porto Rico, the Commission, to modify the laws, divided them into two parts, called the Penal Code and

the Code of Criminal Procedure. It was evidently the intention to put this title in the Code of Criminal Procedure, but by some accident or otherwise it finds a place in the Penal Code. This is evident from the fact that Titles VI and VII of the Code of Criminal Procedure comprise what ought to be contained in one title only, and the missing Title VI was supplied by dividing Title VII into two titles; and it is further evident that this is the case from the fact that in section 64 of the Penal Code reference is had to section 13, which one would naturally suppose to be section 13 of the same Code in which the reference occurs, but in point of fact it refers to section 13 of the Code of Criminal Procedure, which gives a list of officers who are magistrates in Porto Rico. But this inadvertence or mistake on the part of the codifiers does not alter the state of the law, because the title providing for security to keep the peace is just as much a law in the Penal Code as it would be if announced or embodied in the Code of Criminal Procedure, where it properly belongs; section 64 of the former Code reads as follows:

"A complaint may be laid before any of the magistrates mentioned in section 13 that a person has threatened to commit an offense against the person or property of another."

The following sections prescribed what action shall be taken in regard to the complaint and reference is constantly made to what shall be done in the premises by a justice of the peace. In fact the constant intervention of the justice of the peace is necessary to carry out the provisions of the act, and if a justice of the peace has no power or jurisdiction in regard to peace bonds, then this salutary method of preventing crimes is altogether abrogated in Porto Rico.

Section 12 of the Code of Criminal Procedure of Porto Rico defines a magistrate as an officer having power to issue a warrant for the arrest of a person charged with a public offense. Section 13 says:

"The following persons are magistrates: (1) The justices of the Supreme Court, (2) judges of the district courts, (3) justices of the peace, (4) prosecuting attorneys."

The warrant in this case was issued by a justice of the peace, returnable before himself, and he, after making an examination, which was presumably conducted according to law, committed the applicant to jail in default of a bond required to keep the peace.

It is clear from a perusal of the statute, and specially the repealing clause of the act to reorganize the judiciary, etc., passed on the 10th of March, 1904, and found in the laws of 1904, on pages 103-110, that there was no intention on the part of the Legislature to alter Title VI of the Penal Code. In fact, on reading the two statutes, and comparing one with the other, there will be nothing found in Title VI that is at all in conflict with the act reorganizing the judiciary, and consequently no part of it has been repealed. It may be that one of the four classes of magistrates which were in existence at the time this law went into effect on the 1st day of July, 1902, has since been obliterated by a subsequent legislature; that is to say, by the act reorganizing the judiciary, but this does not impair the efficacy of the said law, because immediately another class of magistrates, having the same powers, and even the same name, justices of the peace, were created, and they exist to-day as successors to the former class of officers existing under the Penal Code and Code of Criminal Procedure.

Then whether the justices of the peace, as they now exist are the same officers as existed prior to the 1st of July, 1904, makes no difference whatever in the enforcement of Title VI of the Penal Code providing for security to keep the peace; the only question is, are such justices of the peace as they now exist under the law, magistrates, as defined in sections 12 and 13 of the Code of Criminal Procedure? The answer to this question is that such justices of the peace are officers

having power to issue warrants for the arrest of persons charged with public offenses, and consequently they keep the same place in the category set out in section 13 of the Code of Criminal Procedure as did former justices of the peace; that is to say, they fall within the four classes of magistrates enumerated by that section.

It is a well-known principle of law that an act of the Legislature containing a clause repealing all acts or parts of acts inconsistent with its provisions, but not repealing by name the previous act on the same subject matter, leaves in force all provisions of the previous act that are not in conflict with its provisions. This principle is set forth in the case of the *People* v. *Durick*, 20 California, 94. The facts of the case are quite similar to those at bar as far as it treats of one class of officer succeeding another, and the authority in our view is apt and conclusive.

Then inasmuch as the justices of the peace, as they are at present constituted, are magistrates having power to issue warrants for the arrest of persons charged with public offenses, and inasmuch as they are required under Title VI of the Penal Code to take such action in proceedings for security to keep the peace as has been taken in this case, the justice of the peace of Añasco, who committed this appellant to prison in default of a peace bond, was acting within his lawful jurisdiction and had authority to make the order; and the same is consequently valid.

In consideration of the premises the appellant is not unlawfully imprisoned or restrained of his liberty, and cannot be discharged under the laws of Porto Rico. The order of the district court, therefore, remanding him to the custody of the jailer of the district of Mayagüez is in all things affirmed; and the costs of this appeal must be paid by the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Hernandez, Figueras and Wolf concurred.